# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BOZENA DORGAN, KELLY SMELKA-ZAMORA, RICHARD POL ZAMORA, and CASSIDY TIA KRAJZ,

    Petitioners,

vs.

TOM RIDGE, Secretary of the Department of Homeland Security, and DEBRA ACHIM, F.O.D. of the Bureau of Immigration and Customs Enforcement, Detention and Removal,

    Respondents.

Case No. 04 C 7401

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Bozena Dorgan, formerly known as Bozena Smelko, is a Polish citizen who came to the United States in 1985 and applied for admission as a visitor for pleasure. Upon questioning by immigration officials, however, she stated that she wanted to find a job in this country. As a result, she was placed into exclusion proceedings for seeking to immigrate to the United States without a proper visa. At some point, Ms. Dorgan was later "paroled" (released) from custody during the pendency of the exclusion proceedings.

After the exclusion proceedings were instituted, Ms. Dorgan, represented by an attorney, applied for political asylum. This application was also considered as a request to withhold deportation. In January 1986, an immigration judge found Ms. Dorgan to be excludable and deportable and denied her application for asylum and to withhold deportation. Ms. Dorgan, still

represented by counsel, appealed to the Board of Immigration Appeals. Her appeal was dismissed in January 1992. Ms. Dorgan took no further action to pursue her claims.

In April 1992, the Immigration and Naturalization Service attempted to locate Ms. Dorgan through the Postal Service at her last known residence address but was advised that she had moved and left no forwarding address. In February 1996, the INS attempted to locate Ms. Dorgan by mail through her last known employer but was told she no longer worked there. The record does not reflect any other efforts by the INS to locate Ms. Dorgan or enforce the order of exclusion.

In 2000, Ms. Dorgan married Emmett Dorgan, a United States citizen. Sometime in 2002, Mr. Dorgan evidently filed an immediate relative visa petition on Ms. Dorgan's behalf. He died, however, before the petition could be adjudicated.

Mr. Dorgan had executed a will in 2001 making Ms. Dorgan the primary beneficiary of his estate. According to the petition in the present case, other relatives of Mr. Dorgan have contested the will and may have reported Ms. Dorgan to the immigration authorities. In October 2004, Ms. Dorgan was arrested by a fugitive unit of the Illinois State Police, and she was transferred to the custody of the Bureau of Immigration and Customs Enforcement. On November 1, 2004, that agency executed a warrant of removal, and arrangements were made to transport Ms. Dorgan to Poland on November 18, 2004.

On November 8, 2004, Ms. Dorgan's daughter, Kelly Smelko-Zamora, a United States citizen, filed an immediate relative visa petition and an application to adjust Ms. Dorgan's status. On November 16, 2004, Ms. Dorgan, joined by Ms. Smelko-Zamora and two of Ms. Dorgan's grandchildren, filed a petition seeking an emergency stay of deportation and a writ of habeas

corpus. The petitioners allege that Ms. Dorgan's right to due process of law will be violated if she is deported before the application for adjustment of her status can be adjudicated.

On November 17, 2004, the Court granted the petitioners' request for an emergency stay to preserve the status quo pending determination of the habeas corpus petition. Respondents, the Secretary of the Department of Homeland Security and the Chicago Field Office Director of BICE, have moved to dismiss the petition. For the reasons stated below, the Court grants respondents' motion.

## Discussion

The consequences to Ms. Dorgan, her daughter, and her grandchildren associated with her deportation are harsh. By operation of 8 U.S.C. § 1182(a)(9)(B), once she has been removed from the United States, she will be inadmissible to return for ten years. But this is a consequence of her own actions, specifically her unlawful entry into the United States and her decision to stay her following the deportation decision. If Ms. Dorgan had voluntarily departed the country following the dismissal of her appeal by the BIA in 1992, the ten year ineligibility period would have expired by now.

The first issue before the Court is to determine exactly what the petitioners are asking the Court to review. The Court cannot properly review the immigration judge's 1986 decision that Ms. Dorgan was excludable and deportable, or the Board of Immigration Appeals' 1992 decision to dismiss her appeal from the immigration judge's order. Under 8 U.S.C. § 1252(g), this Court lacks jurisdiction to review these decisions. *See, e.g., Bhatt v. Board of Immigration Appeals,* 328 F.3d 912, 914 (7th Cir. 2003). Petitioners cannot avoid this bar by characterizing their request as a habeas corpus petition. *Id.*

3

Ms. Dorgan had been subject to deportation for over twelve years, and had been arrested and was awaiting removal from this country, when her daughter filed the pending immediate relative visa petition and the application to adjust status. It is true that Ms. Dorgan's removal would effectively end the proceedings on those applications. But this Court lacks jurisdiction to compel the government to initiate proceedings that might lead to relief from the order of removal. Though the Supreme Court held in *INS v. St. Cyr*, 533 U.S. 289 (2001), that the changes to the Immigration and Nationality Act that included § 1252 did not foreclose all use by aliens of the habeas corpus statute, *St. Cyr* "does not disturb the holding of *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999), that 8 U.S.C. § 1252(g) blocks review in the district court of ... decisions to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002) (quoting § 1252(g)). A request to stay Ms. Dorgan's removal arises from the decision to execute the removal order and is therefore barred by § 1252(g).[1]

Neither *Zadvydas v. Davis*, 533 U.S. 688 (2001), nor the Supreme Court's recent decision in *Clark v. Martinez*, ___ U.S. ___, 2005 WL 50099 (Jan. 12, 2005), suggest that this Court has jurisdiction to consider a challenge to Ms. Dorgan's removal from the United States. In *Zadvydas*, the Supreme Court acknowledged that § 1252 eliminates federal court jurisdiction to review certain types of orders, including decisions to execute removal orders, but held that this provision did not preclude courts from considering challenges to the government's authority to detain a person subject to a removal order after the statutory period for executing the removal had

---

[1] *Clark v. Martinez*, ___ U.S. ___, 2005 WL 50099 (Jan. 12, 2005), cited by petitioners as supplemental authority, does not assist them in this case.

4

expired. *Zadvydas*, 533 U.S. at 688. *Clark v. Martinez* followed *Zadvydas* in this regard and adds nothing to the analysis of habeas corpus jurisdiction. In this case, the petitioners are not challenging the government's authority to detain Ms. Dorgan, but rather its authority to remove her from the country. *Zadvydas* and *Clark v. Martinez* do not confer jurisdiction over such a claim.

Even if the Court had habeas corpus jurisdiction, the applications that are pending before the immigration authorities on Ms. Dorgan's behalf are requests for discretionary relief. Such requests do not give rise to a liberty or property interest that is constitutionally protected, a prerequisite to habeas corpus relief on due process grounds. *See, e.g., Dave v. Ashcroft*, 363 F.3d 649, 652 (7th Cir. 2004) (a petitioner has no liberty or property interest in obtaining purely discretionary relief in immigration proceedings). One could imagine a situation in which the authorities stalled a seasonable application for adjustment of status and then obtained a removal order to effectively moot the request for adjustment. In such a case, a district court might conceivably retain some residual jurisdiction to compel a determination of the stalled application before the petitioner was removed. But this is not such a case. Ms. Dorgan had a full twelve years to take the necessary steps to adjust her status, but she did not do so.

The Court recognizes that Ms. Dorgan and her family face severe consequences if she is removed from the United States. Ms. Dorgan makes a fair point when she says that the government appears to have made only inconsequential attempts, at least until recently, to enforce the order of exclusion. But she provides the Court with no authority for the proposition that the government's inaction creates a legitimate entitlement on her part to obtain in this Court relief from the exclusion. The Court is required to dismiss the habeas corpus petition.

5

## Conclusion

Petitioners' motion for leave to submit additional authority is granted [docket # 14-1]. For the reasons stated above, the Clerk is directed to enter judgment dismissing the petition. The stay previously entered by this Court will expire fourteen days after entry of this order unless it is extended by the Court of Appeals.

						_____
						MATTHEW F. KENNELLY
						United States District Judge

Date: January 19, 2005